[Civ. No. 9793. Third Dist. Feb. 25, 1960.]

INDUSTRIAL INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WAYNE ENDICOTT et al., Respondents.

John N. Connell for Petitioner.

Emily B. Johnson, Mannino & Lancaster and Chamberlain & Chamberlain for Respondents.

VAN DYKE, P. J.—This is a proceeding to review an award of the respondent commission purporting to reform, and enforce as reformed, a workmen's compensation insurance policy issued by petitioner to respondent E. W. Simpson as of July 1, 1958, so as to make petitioner liable for an award in favor of respondent Wayne Endicott, an employee of Simpson, who suffered industrial injury July 11, 1958. Petitioner challenges the sufficiency of the evidence to sustain the reformation, which consisted in a determination that Endicott was covered by the policy.

The evidence presents little, if any, conflict upon the issue as to coverage. That policy contained a clause excluding from coverage any relative of the employer or the employer's spouse unless named in the policy as not excluded. Endicott was Simpson's brother-in-law, being a brother of Simpson's wife and his name did not appear. Petitioner had for many years been Simpson's insurer against liability for workmen's compensation. The first policy referred to in the record was issued in 1947 and contained, as did all the succeeding policies, a standard provision excluding relatives unless specifically named in the policy. The policies were renewed year by year as of July 1st. Not only did the policies contain the specific relatives' exclusion provisions but they also contained a space for the designation of included relatives, and affixed to each policy as issued was a conspicuous yellow sticker calling attention to the exclusion clause. The first relative to be designated as covered by the policy was the father of respondent Simpson, whose name at the request of Simpson was added to the policy issued in 1947. Later, again at the written request of Simpson, his father's name was excluded. Applicant Endicott's name was added to the then current policy by endorsement December 7, 1949, at the request of Simpson. When that policy was renewed he was named in the policy as a covered relative. During the life of that policy his name was deleted pursuant to an endorsement effective October 6, 1950. On January 31, 1951, petitioner, on request, again included Endicott by endorsement. Applicant was named as a covered relative in the 1951-1952 policy, and in the 1952-1953 policy, but he was not named as a covered relative in the 1953-1954 policy and there appeared on that policy in the space provided for exceptions to the relatives' exclusion clause the words ''No Exceptions.'' The final audit of the petitioner with respect to the 1952-1953 policy showed that no payroll was reported

or premium collected with respect to Endicott, and on July 20, 1953, Simpson reported that Endicott was no longer his employee. With respect to subsequent policies, including the one reformed, Endicott was not shown as a covered relative, and each policy indicated no exceptions to the relatives' exclusion clause. It appears without conflict that during this period, after expiration of the 1952-1953 policy, Endicott was not an employee of Simpson at any time until March of 1958, and in fact for most of that period was outside the State of California. In summation, it can be stated from the record that he had never been listed as a covered relative in the policies since the 1952-1953 policy and was not listed in the policy in force on the date of his injury. Endicott was reemployed by Simpson in March of 1958 and he continued to be employed up to the time of his injury. No notice was given petitioner of his reemployment until after the occurrence of his injury and the making of his claim.

After a hearing before Referee Allen O. Cooper, the referee reported that Simpson was uninsured as to Endicott and an award was made against him. The referee filed a detailed report, stating in summary all the evidence bearing on the issue of coverage. In his discussion of the evidence, the referee said: "The policy clearly by its terms excluded relatives such as a brother-in-law unless specifically named and covered. The applicant was not so specifically named and covered. Under the terms of the policy the defendant carrier did not insure as respects the applicant. Nor have I been able to discover any reason why the terms of the policy should not govern. These were not obscure small-print provisions to trap the unwary, but were clearly stated with a heading 'relatives not covered' and with an attached warning sticker also stating that relatives were not covered." A petition for reconsideration was filed by Simpson, and the same referee, after again fully discussing the facts and the law, recommended that the petition for reconsideration be denied. However, respondent commission, acting through a panel, ordered reconsideration "for further study by the commissioners of the issues involved." The panel reported after reconsideration that the sole issue was whether the policy of insurance covered Endicott, and continued: "The Panel has made a comprehensive study of the problem involved, including review of the course of dealing between the employer and insurance carrier and is of the opinion that reformation of the policy, in force at the time of injury, should be made to include applicant as a person en-

titled to compensation benefits therefrom.'' Thereafter, respondent commission entered its decision after reconsideration, wherein it ordered that findings and award filed by the referee be vacated and annulled and that there be substituted in lieu thereof the commission's decision after reconsideration. The commission found that Endicott, while employed as a laborer by Simpson, sustained injuries arising out of and occurring in the course of his employment and that at that time the insurance carrier for the employer was petitioner ''whose policy is determined to have covered this applicant for Workmen's Compensation benefits.'' Nothing further appears in the findings pertinent here and the award was ordered against petitioner as the insurance carrier for Simpson.

 The contention of petitioner that the evidence is insufficient to sustain the award is good. It stands without dispute that Simpson, at all times, understood the provisions of the policy excluding relatives and requiring that to extend coverage to them they must be specifically mentioned by endorsement or by writing in their names as insureds on the face of the policy. Simpson acted upon his understanding as far back as 1947 when he had his father named by endorsement as covered, had him later excluded, and then again named as covered. When Endicott entered his employ Simpson demonstrated his understanding of the policy by having him specifically covered and when, after several years, Endicott left his employment, he notified the company that he was no longer employed. Thereafter he accepted successive renewal policies which did not include Endicott as covered by the policies, and each of which contained the same relatives' exclusion provisions, the same requirement of specific mention of any relative desired to be included, the same prominent stickers calling his attention to the relatives' exclusion provisions. When, a few months before his accident, Endicott reentered his employ Simpson gave no notice to the petitioner that he had employed Endicott, made no request that he be covered and accepted a new policy with an inception date of July 1st without protest. Upon this record it must be said as a matter of law there was no ground for reformation of the policy to include Endicott.

 It was claimed by respondents during the hearings and in Simpson's petition for reconsideration that petitioner was estopped to deny that the policy covered Endicott because it received and, after the claim of coverage had been

made following Endicott's injury, did not return premium payments which were calculated upon a payroll that included within its totals payments made to Endicott for his labor. The reports made to petitioner as to payrolls contained no statement to the effect that the totals included payments made to Endicott and contained no information that Endicott was employed. But it is claimed that audits made by petitioner should have disclosed these matters and that petitioner was charged with knowledge thereof and was estopped thereby to deny coverage. The most that can, with doubtful propriety, be said of these contentions is that there may have been afforded support for a finding of estoppel, although certainly there was nothing to compel such a finding as a matter of law. But the commission made no such finding. It purported to base its award upon a reformation of the policy. On such a record we cannot assume that respondent commission found estoppel as a fact and based its award thereon.

The award is annulled and the cause remanded.

Peek, J., and Schottky, J., concurred.